UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERGIO J. DAVALOS,<br><br>                  Petitioner,<br><br>v.<br><br>S. HATTON, Warden,<br><br>                  Respondent. | Case No.: 16CV2798 LAB (BGS)<br><br>**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE TO DENY PETITION FOR WRIT OF HABEAS CORPUS** |

## I. INTRODUCTION

On November 2, 2016,[1] Petitioner Sergio J. Davalos ("Petitioner" or "Davalos"), a California state prisoner proceeding pro se, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 ("the Petition"). (ECF 1.) Petitioner raises a single challenge. (Pet. at 6 (Ground One).) He argues California's second degree murder statute is unconstitutionally vague under *Johnson v. United States*, 135 S. Ct. 2551 (2015). (ECF 1 ("Petition") at 6.) On May 5, 2017, Respondent filed an Answer and

---

[1] *Roberts v. Marshall*, 627 F. 3d 768, 770 n.1 (9th Cir. 2010) (Finding petition "constructively filed on the date it is signed").

1

Memorandum of Points and Authorities in response to the Petition along with lodgments. (ECF 8-9.) On June 16, 2017, Petitioner filed a Traverse. (ECF 10.)

This Report and Recommendation is submitted to United States District Judge Larry Alan Burns pursuant to 28 U.S.C. § 636(b)(1) and Local Civil Rule HC.2 of the United States District Court for the Southern District of California. After consideration of the Petition, Respondent's Answer, the lodgments, and Petitioner's Traverse the Court recommends the Petition be **DENIED**. Petitioner appears to be challenging California's second degree felony-murder rule as unconstitutionally vague under *Johnson v. United States*, 135 S. Ct. 2551 (2015), but Petitioner was not convicted of felony murder. Additionally, to the extent he is challenging what he was convicted of, second degree murder with malice aforethought, it is not unconstitutionally vague under *Johnson*.

## II. BACKGROUND

### A. Earlier Proceedings

On November 27, 2006, an Imperial County Superior Court jury convicted Petitioner of second-degree murder, gross vehicular manslaughter while intoxicated, leaving the scene of an accident, driving under the influence of alcohol with a prior conviction for driving under the influence, and driving with a suspended license. (Lodgment 2 at 248-52, 275-277.) He was sentenced to fifteen years to life in prison for the murder conviction. (*Id.* at 275.)

Petitioner unsuccessfully pursued a direct appeal before the state courts based on insufficiency of the evidence. (Lodgments 3 and 5.) He then unsuccessfully pursued federal habeas relief in this Court. (Lodgments 6-9.) Petitioner's claim was found procedurally defaulted on August 5, 2010. (Lodgment 7; *Davalos v. Yates*, Case No. 09CV2101 JM (POR).)

### B. Proceedings Related to the Present Petition

Petitioner's June 22, 2016 petition to the Imperial County Superior Court, raising the *Johnson* issue, was denied on July 6, 2016. (Lodgment 10.) The court found Petitioner's "case did not involve the 'judge imagined abstraction' criticized in *Johnson*."

(*Id.* at 2 (quoting *Johnson*, 135 S. Ct. at 2558).) The court also found the other cases Petitioner relied on involved felony murder which did not apply in Petitioner's case. (*Id.*)

Petitioner filed his next state petition with the California Court of Appeal, Fourth District, on July 28, 2016. (Lodgment 11.) Petitioner argued that California's second degree murder statute's requirement "that the predicate felony be 'dangerous to human life'" is unconstitutionally vague because "California decides which felonies are second degree not by looking at the actual facts of the case, but by hypothesizing facts." (*Id.* at 3.) He claimed that "[i]n hypothesizing whether a felony is inherently dangerous, the court looks at the elements of the felony in the abstract and not to the particular facts of the case." (*Id.*) He argued this "judicial imagining of facts . . . deprives Petitioner of due process." (*Id.*) The Court of Appeal denied the petition because Petitioner was not convicted of second degree murder under the felony-murder theory. (Lodgment 12.)

Petitioner then filed a petition with the California Supreme Court raising the exact same challenge as he raised in his petition to the Court of Appeal. (Lodgment 13.) It was summarily denied without comment. (Lodgment 14; Pet., Second Attachment [ECF 1 at 25].)

## III. DISCUSSION

### A. Standard of Review

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a habeas petition "shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim — (1) resulted in a decision that was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented at the state court proceeding." 28 U.S.C. § 2254(d); *Early v. Packer*, 537 U.S. 3, 8 (2002).

///
///

"'[C]learly established Federal law for purposes of § 2254(d)(1) includes only the holdings, as opposed to the dicta, of this Court's decisions.'" *Woods v. Donald*, 135 S. Ct. 1372, 1376 (2015) (quoting *White v. Woodall*, 134 S. Ct. 1697, 1702 (2014)). "When a Supreme Court decision does not 'squarely address the issue in the case' or establish a legal principle that 'clearly extends' to a new context to the extent required by the Supreme Court in these recent decisions, it cannot be said, under AEDPA, there is 'clearly established' Supreme Court precedent addressing the issue before us, and so we must defer to the state court's decision.'" *Robertson v. Pichon*, 849 F.3d 1173, 1182 (9th Cir. 2017) (quoting *Moses v. Payne*, 555 F.3d 742, 754 (9th Cir. 2009)). "And an 'unreasonable application of' those holdings must be 'objectively unreasonable,' not merely wrong; even 'clear error' will not suffice." *White*, 134 S. Ct. at 1702 (quoting *Lockyer v. Andrade*, 538 U.S. 63, 75-76 (2003)).

Where, as here, there is no reasoned decision from the state's highest court, the Court "looks through" to the last reasoned decision and presumes it provides the basis for the higher court's denial of a claim or claims. *See Ylst v. Nunnemaker*, 501 U.S. 797, 805-06 (1991);[2] *see also Johnson v. Williams*, 133 S. Ct. 1088, 1094 n.1 (2013).

Here, the California Court of Appeal's August 8, 2016 decision is the last reasoned decision on Petitioner's claim. (Lodgment 12.) The Court of Appeal found Petitioner's challenge to the requirement that the predicate felony be 'dangerous to human life' was a challenge to the theory of second degree felony murder. (*Id.*) However, because Petitioner was not convicted under the felony-murder theory of second degree murder, the court found the vagueness challenge "entirely irrelevant to his conviction" and denied relief. (*Id.*)

---

[2] The Court notes that the United States Supreme Court granted certiorari in *Wilson v. Sellers*, 2017 WL 737820, on February 27, 2017 to address whether the Supreme Court's decision in *Harrington v. Richter*, 562 U.S. 86 (2011) silently abrogated *Ylst*'s direction to look through a summary ruling to the last reasoned decision.

4

16CV2798 LAB (BGS)

## B. Second Degree Felony-Murder

The Petition challenges "hypothesizing whether a felony is inherently dangerous" by "look[ing] at the elements of the felony in the abstract and not the particular facts of the case." (Pet. at 6.) Petitioner also argues in his Traverse that "measuring 'inherent dangerousness' by looking to the elements of the felony in the abstract, and not by looking to the particular facts of the case" is an "abstraction of an abstraction approach" like *Johnson*. (Points and Authorities in Support of Traverse ("Traverse") [ECF 10 at 4-13] at 4.)

From these and other similar arguments raised in the Traverse, it is clear that Petitioner is challenging California's second degree felony-murder rule. (Traverse and Exception to Answer [ECF 10 at 1-3] at 2; Traverse at 4, 7-9.) As the California Supreme Court has explained "[s]econd degree felony murder is an unlawful killing in the course of the commission of a felony that is *inherently dangerous to human life* but is not included among the felonies enumerated in section 189."[3] *People v. Chun*, 45 Cal. 4th 1172, 1182 (2009) (emphasis added) (referring to California Penal Code § 189) (citations omitted). "The felony-murder rule imputes the requisite malice for a murder conviction to those who commit a homicide during the perpetration of a felony *inherently dangerous to life*." *Chun*, 45 Cal. 4th at 1184 (emphasis added). "Whether a felony is inherently dangerous is determined from the elements of the felony in the abstract, not the particular facts." *Id.* at 1188.

Petitioner is arguing that second degree felony murder is unconstitutionally vague because whether a felony qualifies as inherently dangerous is determined in the abstract rather than based on the particular facts of the case. (Pet. at 6.) However, Petitioner was not convicted of second degree murder based on the felony-murder rule. Petitioner was convicted of murder with malice aforethought. (Lodgment 2 at 220.) The jury

---

[3] "First degree felony murder is a killing during the course of a felony specified in section 189, such as rape, burglary, or robbery." *Chun*, 45 Cal. 4th at 1184.

instructions specifically required the jury to find Petitioner "committed an act that caused the death of another person; AND [w]hen the defendant acted, he had a state of mind called malice aforethought." (*Id.*) The instructions go on to define two kinds of malice aforethought, express malice and implied malice. (*Id.*) There is no predicate felony evaluated for inherent dangerousness or any predicate felony at all. (*Id.*)

The Court of Appeal did not unreasonably apply clearly established federal law in finding Petitioner was not entitled to habeas relief based on a vagueness challenge to a theory of second degree murder entirely irrelevant to his conviction.[4] *Vasquez v. Spearman*, Case No. CV 16-6333 JLS (JPR), 2017 WL 4011054, at *4 (C.D. Cal. June 26, 2017) (finding nothing objectively unreasonable about state court's denial of habeas relief when petitioner was convicted under aiding and abetting theory as opposed to felony-murder); *Locke v. Paramo*, Case No. 17CV0453 JLS (JMA), 2017 WL 3337248, at *6 (petitioner not entitled to habeas relief based on *Johnson* challenge to felony murder rule when jury instruction indicated petitioner was not convicted of felony-murder). Because Petitioner was not convicted of second degree felony murder, he was not entitled to habeas relief based on alleged deficiencies in that theory of second degree murder.

### C.     Second Degree Murder Based on Implied Malice

To the extent Petitioner is attempting to attack second degree murder based on implied malice,[5] his claim still fails. Petitioner does not mention implied malice in his Petition, but in his Traverse, he does assert that the definition of implied malice, particularly the meaning of the phrase "abandoned and malignant heart" is quite vague

---

[4] Although not relevant to Petitioner's conviction, numerous courts have rejected the argument that *Johnson* can be read to find California's second-degree felony-murder rule unconstitutionally vague. *Vasquez*, 2017 WL 4011054, at *4 n.4 (collecting cases).

[5] The jury instructions also provide for conviction based on express malice. (Lodgment 2 at 220.) However, Petitioner only alludes to a challenge based on implied malice. (Traverse at 3, 5.) Given express malice is even clearer than implied malice, it certainly would not be found vague under *Johnson*.

and not well defined. (Traverse at 5.) However, "abandoned and malignant heart" did not appear in the jury instructions given at Petitioner's trial.[6] Rather, as to implied malice, the jury was instructed:

> The defendant acted with implied malice if:
> 1. He intentionally committed an act;
> 2. The natural consequences of the act were dangerous to human life;
> 3. At the time he acted, he knew his act was dangerous to human life;
> AND
> 4. He deliberately acted with conscious disregard for human life.

(Lodgment 2 at 220.)

Here, a jury found Petitioner intentionally committed an act, the natural consequences of the act were dangerous to human life, at the time he acted, he knew his act was dangerous to human life, and he deliberately acted with conscious disregard for human life. (Lodgment 2 at 220.) There is no abstraction. Petitioner's challenge to California's implied malice theory of second degree murder, to the extent he is making that challenge, attempts to extend *Johnson* too far beyond its holding.

In *Johnson*, the Supreme Court found the residual clause of the Armed Career Criminal Act ("ACCA") unconstitutionally vague. 135 S. Ct. at 2557. The ACCA provides for a longer sentence for those that have "three or more prior convictions for a 'serious drug offense' or a 'violent felony'" with violent felony defined as certain listed offenses and offenses that "otherwise involves conduct that presents a serious potential risk of physical injury to another," the residual clause. *Id.* at 2555. The court found the inquiry to determine what qualified under the residual clause denied "fair notice to

---

[6] "Trial courts do not instruct the jury in the statutory language of an abandoned and malignant heart." *Chun*, 45 Cal. 4th at 1181. Rather, as they did in Petitioner's case, courts instruct on: (1) a "physical component" that is satisfied by the performance of an act, the natural consequences of which are dangerous to life;" and (2) a "mental component" that is satisfied when "the defendant knows that his conduct endangers the life of another and acts with a conscious disregard for life." *Id.*

defendants and invite[d] arbitrary enforcement by judges." *Id.* at 2557. There are no similarities between the residual clause and California second degree murder. *Keller v Hatton*, Case No. CV 16-8709 CJC (RAO), 2017 WL 2771529, at * 4 (C.D. Cal. May 19, 2017); *Tapia v. Hatton*, Case No. 16cv2624 MMA (BLM), 2017 WL 3118773, at *4-5 (S.D. Cal. July 21, 2017).

"The argument that *Johnson* invalidated California law on implied malice has been squarely, and repeatedly rejected." *Vasquez*, 2017 WL 4011054, at *5 (citing *Mendez v. Madden*, No. CV 16-03637-JVS (AFM) 2017 WL 1073362, at *2 (C.D. Cal. Mar. 21, 2017) and *Lopez v. Gastelo*, No. 16-CV-00735-LAB (WVG), 2016 WL 8453921, at *4 (S.D. Cal. Dec. 5, 2016); *see also Saucedo v. Hatton*, Case No. ED CV 16-1873 DSF (AFM), 2017 WL 4011883, at *9-10 (C.D. Cal. May 31 2017) ("Petitioner's argument that the doctrine of implied malice is unconstitutionally vague—because it does not provide adequate notice of when the natural consequences of an act are dangerous to life— is meritless."). To the extent Petitioner is arguing the "natural consequences of the act were dangerous to human life" is vague, the *Johnson* court itself explained, "we do not doubt the constitutionality of laws that call for the application of a qualitative standard such as 'substantial risk' to real-world conduct." *Johnson* 135 S. Ct. at 2561. *Johnson's* holding is "far afield from California's murder statute because implied malice involves a factfinder's particularized consideration of the circumstances of a given case at the guilt phase rather than a 'judicially imagined' abstraction used to determine sentencing enhancements." *Vasquez*, 2017 WL 4011054, at *5. "A person does not need an exact numerical or quantitative formulation of the risk in order to determine what acts are prohibited." *Saucedo*, 2017 WL 4011883, at *10 (citing *Masoner v. Thurman*, 996 F.2d 1003, 1008 (9th Cir. 1993)). As the *Saucedo* court explained, the Ninth Circuit has rejected this argument, finding "the implied malice standard abundantly clear so as to give a person adequate notice of when an act is sufficiently dangerous to human life." *Id.* at *10 (citing *Masoner*, 996 F.2d at 1008).

///

8

16CV2798 LAB (BGS)

To the extent Petitioner is attempting to attack his second degree murder conviction based on implied malice, his claim still fails.

## CONCLUSION & RECOMMENDATION

For all the foregoing reasons, **IT IS HEREBY RECOMMENDED** the Court issue an Order: (1) approving and adopting this Report and Recommendation; and (2) denying the Petition.

For all the foregoing reasons, **IT IS HEREBY RECOMMENDED** the Court issue an Order: (1) approving and adopting this Report and Recommendation; and (2) granting Respondent's Motion to Dismiss the Petition.

**IT IS ORDERED** that no later than **March 23, 2018,** any party to his action may file written objections with the Court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties by **April 6, 2018**.

The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1156 (9th Cir. 1991).

Dated: March 2, 2018

Hon. Bernard G. Skomal
United States Magistrate Judge