UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERGIO J. DAVALOS,<br><br>Plaintiff,<br><br>v.<br><br>S. HATTON, Warden,<br><br>Defendant. | Case No.:  16cv2798-LAB (BGS)<br><br>**ORDER OVERRULING OBJECTIONS TO REPORT AND RECOMMENDATION, AND ADOPTING REPORT AND RECOMMENDATION; AND**<br><br>**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS** |

Petitioner Sergio Davalos, a prisoner in state custody who is proceeding *pro se*, filed a petition for writ of habeas corpus under 28 U.S.C. § 2254.  This matter was referred to Magistrate Judge Bernard Skomal for a report and recommendation.  On March 2, Judge Skomal issued his report and recommendation (the "R&R"), and Davalos filed objections.

**Legal Standards**

A district court has jurisdiction to review a Magistrate Judge's report and recommendation on dispositive matters. Fed. R. Civ. P. 72(b). "The district judge must determine de novo any part of the magistrate judge's disposition that has

been properly objected to." *Id.* "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The Court reviews de novo those portions of the R&R to which specific written objection is made. *United States v. Reyna–Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).

Federal habeas review of state court judgments is highly deferential. *Harrington v. Richter*, 562 U.S. 86, 105 (2011); *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011). As to claims adjudicated on the merits in state court, the Court can grant relief only if those proceedings resulted in a decision that was contrary to or involved an unreasonable application of clearly established federal law, as determined by the U.S. Supreme Court; or resulted in a decision based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. § 2254(d).

Because the California Supreme Court denied Davalos' petition without comment, the Court "looks through" to the last reasoned decision to determine the likely basis for the higher court's denial of his claims. *See Johnson v. Williams*, 133 S. Ct. 1088, 1094 n.1 (2013).

**Procedural History**

Davalos was convicted in 2006 of second-degree murder, gross vehicular manslaughter while intoxicated, leaving the scene of an accident, driving under the influence of alcohol with a prior conviction for driving under the influence, and driving with a suspended license. He originally sought habeas relief in this Court in case 09cv2101-JM (POR), *Davalos v. Yates*, in which his claim was found procedurally defaulted.

After the U.S. Supreme Court decided *Johnson v. United States*, 135 S. Ct. 2551 (2015), he filed another petition in state court, eventually exhausting his claims there and filing his petition here.

/ / /

**Discussion of Objections**

*Johnson* dealt with the "residual clause" of the Armed Career Criminal Act, which provided that a felony that "involves conduct that presents a serious potential risk of physical injury to another" should be treated as a "violent felony." The Court held that because the wide-ranging inquiry into whether a crime met this definition was too indeterminate to give fair notice to defendants or clear guidance to judges, the clause was unconstitutionally vague. 135 S. Ct. at 2557.

The California Court of Appeals interpreted his petition as challenging the state's felony murder rule, which required that a predicate felony be "dangerous to human life." (*See* Lodgment 12.) But Davalos was not convicted under a felony murder theory, and the Court of Appeals therefore found his vagueness challenge "entirely irrelevant to his conviction." (*Id.*)

The jury instructions in Davalos' criminal case asked the jury whether he caused the death of his victim with malice aforethought. (*Id.*) Neither the jurors nor the court evaluated any predicate felony for inherent dangerousness, or even considered any predicate felony. (*Id.*) Rather, jurors found he had committed vehicular homicide with implied malice. (*Id.*)

If Davalos thought the Court of Appeals had misconstrued his claim, his later filings show no sign of it; he made the same claim in the California Supreme Court, and his petition in this Court show he is making the same argument. (*See* Docket no. 1 at 6 (petition, arguing that "second degree felony murder rule of California" is unconstitutionally vague and discussing the difficulty of deciding whether predicate felonies are inherently dangerous).)

His objections suggest he now realizes that he was not convicted under a felony murder theory, and that *Johnson* did not address implied malice. He attempts to explain why the implied malice standard is just as vague as the residual clause. (*See* Obj. at 2:26–4:3.)

/ / /

This is unavailing, for two reasons. First, he did not make this argument to the state courts, and did not give them a fair opportunity to consider it. (*See* Lodgments 11 at 3 (arguing that California's law on felony murder was unconstitutionally vague, and claiming that predicate felonies were too difficult to identify), 13 at 3 (same).) *See Weaver v. Thompson*, 197 F.3d 359, 364 (9th Cir. 1999) (holding that a claim is exhausted when "the petitioner has presented the state court with the issue's factual and legal basis").

Second, *Johnson* did not address California's implied malice standard, even indirectly, and the California courts were not unreasonable in deciding that it afforded Davalos no relief.

In California, malice is implied when the killing resulted from an intentional act, the natural consequences of which are dangerous to human life, and the act was deliberately performed with knowledge of the danger to and with conscious disregard for human life. *People v. Sarun Chun*, 45 Cal.4th 1172, 1202 (2009). *Johnson* did not hold that making judgments about dangerousness or a culpable mental state resulted in unconstitutional vagueness, as Davalos appears to be arguing. Rather, it held that two features of the residual clause made it unconstitutionally vague: it did not explain how to estimate the risk caused by a crime, and it left too much uncertainty about the degree of risk required. 135 S. Ct. at 2557–58. But *Johnson*, apparently anticipating the kind of argument Davalos is making here, confirmed that laws requiring the application of a standard such as "substantial risk," "grave risk," or "unreasonable risk" to "real-world conduct" were still constitutional. *Id.* at 2561 (citing *Nash v. United States*, 229 U.S. 373, 377 (1913).)

California's implied malice standard deals with actual, not hypothetical situations, which means *Johnson*'s rationale do not apply to it. *See Johnson* at 2561 (citing *Int'l Harvester Co. of Am. V. Kentucky*, 234 U.S. 216, 223 (1914)). In other words, a defendant and a jury need only apply the standard above to the

defendant's actual conduct to decide whether an act was committed with implied malice.

This analysis addresses the heart of Davalos' objections to the R&R. He also cites several cases he believes support his claim, including *Fletcher v. Peck*, 6 Cranch 87 (1810); *Landgraf v. USI Film Products*, 511 U.S. 244 (1994); and *Village of Hoffman Estates v. Flipside*, 455 U.S. 489 (1982), but they do not. Having conducted the required de novo review, the Court **OVERRULES** Davalos' objections.

**Time-Bar**

Although neither party raised the issue of timeliness, and the R&R did not address it, the Court may *sua sponte* hold a petition untimely under AEDPA. *See Day v. McDonough*, 547 U.S. 198, 207–209 (2006). *See especially id.* at 209–10 ("We stress that a district court is not required to doublecheck the State's math . . . . Nevertheless, if a judge does detect a clear computation error, no Rule, statute, or constitutional provision commands the judge to suppress that knowledge.")

Davalos' conviction was final well before *Johnson* was decided on June 26, 2015, so AEDPA's one-year limitations as to claims arising under *Johnson* began to run on that date. *See* § 2244(d)(1)(C). Davalos filed his petition nearly a year later, on June 22, 2016. (See Docket no. 9-21 at 1:15 (order denying petition, giving petition's filing date).)[1] This meant he had only four days left under AEDPA's one-year limitations period. *See* 28 U.S.C. § 2244(d); *Patterson v. Stewart*, 251 F.3d 1243, 1247 (9th Cir. 2001) (using "anniversary method" for calculating AEDPA's one-year limitations period).

/ / /

---

[1] The R&R gives June 22, 2016 as the filing date as well (R&R at 2:26) and Davalos has not objected to this.

He filed petitions in California Superior Court, Appellate Court, and Supreme Court, the last of which was denied on October 26, 2016. Accepting that he was entitled to gap tolling for the period between rounds of state petitions, AEDPA's one-year limitations period began again to run on that date. *See Carey v. Saffold*, 536 U.S. 214, 217 (2002) (because petitioner's conviction had become final before AEDPA's effective date, the one-year limitations period began running on the effective date); *Korolev v. Horel*, 386 Fed. Appx. 594, 595 (9th Cir. 2010) (citing Cal. Rules of Court, Rule 8.532) (holding that California Supreme Court's denial of habeas relief was final on the filing date). He then filed his petition in this Court, which he dated November 2, 2016. (Docket no. 1 at 11.) As a result, his petition is time-barred under AEDPA by about three days and would have to be denied for that reason as well. *See Christeson v. Roper*, 135 S. Ct. 891, 892 (2015) (describing AEDPA's one-year limitations period as "strict"). *See also Davis v. Malfi*, ___ Fed. Appx. ___, 2018 WL 654161 at *2 (9th Cir. Feb. 1, 2018) (remanding with instructions to deny habeas petition if it was one day late); *Zepeda v. Walker*, 581 F.3d 1013, 1016, 1019 (9th Cir. 2009) (holding that four days' untimeliness would warrant denial of habeas petition).

Davalos never offered an explanation for his long delay in filing. *See Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) (petitioner bears burden of establishing tolling). If the Court were relying on untimeliness as the main reason for denying the petition, it would have afforded Davalos an opportunity to show why tolling was appropriate. But because the petition is being denied on the merits anyway, there is no reason to do so here.

/ / /

/ / /

/ / /

/ / /

/ / /

**Conclusion and Order**

The R&R is deemed modified to include the timeliness analysis in this order. So modified, the R&R is **ADOPTED**. The petition is **DENIED** and a certificate of appealability is also **DENIED**.

**IT IS SO ORDERED**.

Dated: April 4, 2018

_____
Hon. Larry Alan Burns
United States District Judge

16cv2798-LAB (BGS)